IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIS TRUCKING, INC., and PAULINA LEWANDOWSKA, <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN J. WALSH, Secretary, Department of Labor and United States Department of Labor, Employment and Training Administration, <br><br> Defendant. | Case No. 20-cv-4774 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lis Trucking and Paulina Lewandowska bring this lawsuit under the Administrative Procedure Act ("APA") seeking to compel the Department of Labor ("DOL") to approve Plaintiffs' labor certification. Currently before the Court are cross-motions for summary judgment. For the reasons stated below, the Court denies Plaintiffs' motion for summary judgment [19] and grants Defendants' motion for summary judgment [22] on the ground that Plaintiff failed to exhaust her available administrative remedies. A final judgment consistent with Federal Rule of Civil Procedure 58 will enter in favor of Defendants and against Plaintiff. Civil case terminated.

**I.     Background**

Plaintiff Lis Trucking is a trucking company in Norridge, Illinois. [1 (Compl.), at 3, ¶ 9.] In March 2018, Lis Trucking engaged Paulina Lewandowska as an independent contractor—not as an employee—to provide bookkeeping services. [14 (Answer), at 8, ¶ 30.] During her engagement with Lis Trucking, Lewandowska gained knowledge of QuickBooks. [1, at 6, ¶ 24.]

By August 2019, Lewandowska had worked for the company as an independent contractor for 16.5 months. At that time, Lis Trucking applied on Lewandowska's behalf for an alien labor certification so that it could employ her as a full-time bookkeeper. [14 (Answer), at 2, ¶ 2.] The application from Lis Trucking identified the job requirements as "an Associate's Degree in Business, or related field, as well as three (3) years' experience and [] knowledge of QuickBooks, MS Excel, and MS Word." [1 (Compl.), at 5, ¶ 23.] The worksite for the bookkeeper position was listed as 8021 W. Giddings, Norridge, Illinois. [23 (D's Mem. In Supp. of MSJ), at 2.] The application also addressed Lewandowska's work history and education. It listed four prior jobs, the most recent of which was her employment as a bookkeeper in the trucking business, beginning March 14, 2018, with no end date identified. [*Id.*]

In December 2019, the DOL's Employment and Training Administration ("ETA") notified Lis Trucking that it had selected Plaintiffs' alien labor certification application for an audit. [14 (Answer), at 7, ¶ 25.] The audit requested documents from Lis Trucking "to demonstrate the existence of a bona fide job opportunity and that the employer has enough funds available to pay the wage or salary offered, as well as an explanation of business necessity." [*Id.* at 7-8, ¶ 28.] Lis Trucking responded to the audit request in July 2020. [*Id.* at 8, ¶ 29.] Lis Trucking "explained that [it] contracted with [Lewandowska] to perform the work [of] a bookkeeper since March 2018—as a result of the company's growing business—and that she was hired as an independent contractor, and not as an employee." [*Id.* at ¶ 30.]

On July 31, 2020, the DOL denied the alien labor certification application. [14 (Answer), at 8, ¶ 31.] The Denial Notice provided one reason for denial: "the documentation in response to the Request for Information (RFI) Letter, dated June 30, 2020, by the employer is insufficient to demonstrate that it is unable to train a U.S. worker to qualify for the position for which certification

is ought. It appears that the foreign worker has gained the Knowledge and special skills listed in Section H-14 of the ETA Form 9089 in the job opportunity with the employer." [*Id.* at 8-9, ¶ 32; see also 1-1 (Denial Notice), at 4.]

The Notice raises a foundational question—namely, when did Lewandowska's job opportunity with the employer begin? The DOL contends that the employment began in 2018, when Lis Trucking hired Lewandowska as an *independent contractor* to provide bookkeeping services. By contrast, the Plaintiffs contend that Lewandowska's relevant experience should be measured from August 2019, when the company wanted to hire her as a *permanent employee*.

The Denial Notice cited 20 C.F.R. § 656.17(i)(1), stating that "the job requirements, as described, must represent the employer's actual minimum requirements for the job opportunity." [1-1 (Denial Notice), at 5.] That section of the regulation also requires the Department of Labor to "review the training and experience possessed by the alien beneficiary at the time of hiring by the employer, including as a contract employee." [*Id.*; see also 20 C.F.R. § 656.17(i)(3).] The DOL emphasized that Section 656.17(i)(3) "instruct[s] the department to review the training and experience possessed by the foreign worker at the time of hire, *including as a contract employee*." [23 (Def.'s Mem. in Supp. of MSJ), at 6] (emphasis in original); see also [1-1 (Denial Notice), at 5.] The DOL determined that Lis Trucking first hired Lewandowska as an independent contractor in 2018. [*Id.* at 4; see also 1-1, at 4.] Since Lewandowska did not have experience with QuickBooks prior to being hired for the bookkeeping position with Lis Trucking, the DOL concluded that she "did not possess the required knowledge in QuickBooks prior to working for the employer as an independent contractor." [1-1, at 4.] According to the DOL, "the requirements listed on the application cannot be considered the employer's actual minimum requirements" since Lis Trucking was willing to employ Lewandowska before she acquired the necessary knowledge

of QuickBooks, "a skill the employer contends is essential to manage the finances of the company." [*Id.*]

In sum, according to the DOL, when the company hired Lewandowska to perform the bookkeeper role as an independent contractor in 2018, she didn't have the requisite knowledge of QuickBooks. And from the agency's perspective, it didn't matter that Lewandowska was qualified at the time of the application, because the relevant point in time was "*at the time of hiring* by the employer, *including as a contract employee.*" 20 C.F.R. § 656.17(i)(3) (emphasis added).

In the Denial Notice, the Department included language notifying Lis Trucking of its right to request review of the denial with the Board of Alien Labor Certification Appeals ("BALCA"). [1-1 (Denial Notice), at 1.] The notice also stated that failure to seek review of the denial before the BALCA within 30 days of the denial would constitute a failure to exhaust administrative remedies. [*Id.* at 3.]

Lis Trucking did not request review before the BALCA. Instead, Lis Trucking and Lewandowska went straight to court. On August 14, 2020, Lis Trucking and Lewandowska filed this lawsuit against the Department of Labor and its Secretary seeking judicial review under the Administrative Procedure Act ("APA") and a declaratory judgment that the agency's decision violates federal regulations, is arbitrary, capricious, and an abuse of discretion, and otherwise is not in accordance with the law. [1 (Compl.), at 8, ¶ 36.] They claim that the DOL erred in interpreting 20 C.F.R. § 656.17(i)(3) and should have considered the 16.5 months of Lewandowska's experience as a bookkeeper, while employed as an independent contractor, in determining whether she met the minimum job requirements. [*Id*. at 8-9, ¶ 40.]

The parties filed cross motions for summary judgment based on the administrative record. By agreement [see 17], and with the Court's approval [see 18], the parties dispensed with Local

Rule 56.1 statements. The DOL insists that Plaintiff's lawsuit fails both on account of the failure to exhaust administrative remedies and on the merits. Plaintiffs disagree on both counts.

## II. Legal Standards

### A. Summary Judgment

Rule 56(a) states that a district court "shall grant" summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But the approach to summary judgment when an agency decision is at issue differs a bit from the norm. For, in a case involving review of a final agency action under the APA, "summary judgment instead serves as a 'mechanism for deciding, as a matter of law, whether the agency action is *** consistent with the APA standard of review.'" *Fisher v. Pension Benefit Guar. Corp.*, 468 F. Supp. 3d 7, 18 (D.D.C. 2020) (quoting *Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1, 9 (D.D.C. 2019)).

Courts generally give a measure of deference to the agency's decision when reviewing denials of alien labor certifications. See *Boutte v. Duncan*, 348 F.App'x 151, 154 (7th Cir. 2009); see also *Stenographic Machs., Inc. v. Reg'l Adm'r for Emp. & Training*, 577 F.2d 521, 524 (7th Cir. 1978). And they set aside an agency decision only when it is "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence in the case, or not in accordance with law." *Fliger v. Nielsen*, 743 F. App'x 684, 687 (7th Cir. 2018) (quoting *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 853 (7th Cir. 2009)); see also *Stenographic Machs.*, 577 F.2d at 524; 5 U.S.C. § 706(2)(A), (E). Furthermore, judicial review is "confined to the administrative record." *Little Co. of Mary Hosp.*, 587 F.3d at 856. Thus, "[t]o survive summary judgment under the APA, Lis Trucking and Lewandowska must point to facts or factual failings in the administrative record that indicate that the [agency's] decision is arbitrary, capricious, an abuse of discretion,

[unsupported by substantial evidence,] or otherwise not in accordance with law." *Advanced Cabinets Corp. v. Mayorkas*, 2021 WL 825608, at *1 (N.D. Ill. Mar. 4, 2021) (cleaned up).

"To determine whether an agency's decision was arbitrary or capricious, [courts] ask if it was 'based on a consideration of the relevant factors and whether there has been clear error of judgment.'" *Boutte*, 348 F.App'x at 154 (quotation marks omitted) (quoting *Ind. Forest Alliance, Inc. v. U.S. Forest Serv.*, 325 F.3d 851, 858-59 (7th Cir. 2003)); see also *Stenographic Machs.*, 577 F.2d at 524. Even when the basis for the agency decision is not clear, courts will uphold the decision if "the agency's path may be reasonably discerned." See *Boutte*, 348 F.App'x at 154 (quotation marks omitted). In reviewing an agency's decision, courts do not substitute their own judgment for that of the agency. *Id.*; *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Accordingly, courts will affirm administrative decisions that are supported by "substantial evidence" if there is a "rational connection between the facts found and choice made." See *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).

**B.   DOL Certification**

Under the Immigration and Nationality Act, a noncitizen worker may not enter the United States for the purpose of performing labor unless the Secretary of Labor has certified to the Secretary of State and the Attorney General that (1) there are insufficient U.S. workers who are "able, willing, qualified [] and available" for the job opportunity, and (2) the employment of the noncitizen "will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i). To obtain such a certification, an employer must "file a completed [DOL] Application for Permanent Employment Certification form (ETA Form 9089) *** with an ETA application processing center." 20 C.F.R. § 656.17(a)(1).

Among other things, an employer's application for DOL certification must state the job duties and requirements. 20 C.F.R. § 656.17(h). With two exceptions not applicable here, regulations require that "the job requirements *** represent the employer's actual minimum requirements for the job opportunity." 20 C.F.R. § 656.17(i)(1). Further, "if the [noncitizen] is already employed by the employer, in considering whether the job requirements represent the employer's actual minimums, DOL will review the training and experience possessed by the [noncitizen] at the time of hiring by the employer, including as a contract employee." 20 C.F.R. § 656.17(i)(3). "The employer cannot require domestic worker applicants to possess training and/or experience beyond what the alien possessed at the time of hire" except under circumstances not applicable here. *Id.*

When an employer's application is denied, the employer may request review of the denial from the Board of Alien Labor Certification Appeals ("BALCA") within 30 days of the date of the date of the determination. 20 C.F.R. 656.26(a)(1), (2)(i). Failure to request review "constitutes a failure to exhaust administrative remedies." 20 C.F.R. § 656.24(e)(3).

### III. Analysis

The parties have briefed both exhaustion and the merits. The Court starts with exhaustion and ends there as well, as it is dispositive. Because Plaintiffs failed to exhaust their available administrative remedies, the Court need not reach the merits of the case.

The Supreme Court has explained that the exhaustion doctrine serves two principal purposes: it protects administrative agency authority by allowing an agency to correct its own mistakes and promotes efficiency because claims usually are resolved more expeditiously in agency proceedings than in federal litigation. See *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). It

also can promote efficiency if litigation becomes necessary because the agency compiles a complete record that cabins the issues for review. See *Little Co. of Mary Hosp.*, 587 F.3d at 856.

As Plaintiffs note, agency statutes often neglect to mention exhaustion. When there is no statute or regulation requiring exhaustion prior to judicial review, the Court has no authority to impose an exhaustion requirement. *Darby v, Cisneros,* 509 U.S. 137, 144-45 (1993). As such, the Court must look to the relevant statutory text to determine what exhaustion requirements, if any, apply in a particular case.

Here, Lis Trucking and Lewandowska filed suit under the APA. "The requirement of administrative exhaustion is a traditional common law doctrine that has now been codified in section 10(c) of the APA, 5 U.S.C. § 704." *Shawnee Trail Conservancy v. U.S. Dept of Agriculture*, 222 F.3d 383, 388-89 (7th Cir. 2000). Section 10(c) only permits judicial review of "final" agency actions. "[A]ny definitive agency action is considered 'final,' and therefore reviewable, "unless the agency's regulations require exhaustion as a prerequisite to judicial review." *Id.* (citing *Darby*, 509 U.S. at 153). And if an exhaustion requirement does exist, only after "an aggrieved party has exhausted all administrative remedies *expressly* required by statute" will the agency action be considered "'final for the purposes of [the APA]' and therefore 'subject to judicial review.'" *Darby*, 509 U.S. at 146 (emphasis added). Thus, an aggrieved party must pursue each and every available administrative remedy before bringing suit.

Because the APA does not allow courts to require exhaustion where neither the governing statutes nor regulations require it, a court must look to these other sources to determine whether it may proceed. See *Darby,* 509 U.S. at 146 (observing that the APA "by its very terms, has limited the availability of the doctrine of exhaustion of administrative remedies to that which [a] statute or rule clearly mandates"). The DOL contends that 20 C.F.R. § 656.24(e)(3) contains an

8

exhaustion requirement. [23, at 7.] Section 656.24(e)(3) describes what the DOL must include in the Final Determination form when it denies a labor certification. See 20 C.F.R. § 656.24(e)(3). In addition to providing the reason for the agency's decision, the Final Determination form must "advise that failure to request review within 30 days of the date of the determination, as specified in § 656.26(a), constitutes a failure to exhaust administrative remedies." *Id.*

Unlike the regulation in *Shawnee Trail*, Section 656.24(e)(3) does not directly say that that an aggrieved party must exhaust administrative remedies before filing suit. Instead, the regulation prescribes the content that must be included in Final Determination forms sent to unsuccessful labor certification applicants, including the consequences of failing to request review of an adverse decision. Still, as Judge Seeger recently commented, "it is difficult to know what else that language could mean, except that there is an exhaustion requirement," because "[t]here would be no need to tell an aggrieved party about an exhaustion requirement if there *was no* exhaustion requirement." *Star Way Lines v. Walsh*, 2022 WL 971884, at *7 (N.D. Ill. Mar. 31, 2022). Moreover, if there were no exhaustion requirement, Section 656.24(e)(3) would be a nullity, and courts are reluctant to adopt interpretations that render statutory text meaningless. In short, although the language is "circuitous," it does alert labor certification applicants of the exhaustion requirement. *Id*.

A related issue here is how clearly an agency needs to articulate its exhaustion requirement. In *Darby*, the Supreme Court noted that the APA "by its very terms, has limited the availability of the doctrine of exhaustion of administrative remedies to that which [a] statute or rule *clearly mandates*." 509 U.S. at 146 (emphasis added). *Darby* was concerned with the possibility of the judiciary imposing exhaustion requirements on unsuspecting litigants. That is not the case here. The regulation at issue explicitly required the DOL to inform losing parties about the availability

9

of further agency review and that the consequences of failing to avail themselves of that avenue—and Plaintiffs do not deny that they were so informed. See 20 C.F.R. § 656.24(e)(3).

Plaintiffs point to § 656.26(a), which they contend supports the notion that an appeal of labor certification denials is optional, not mandatory. 20 C.F.R. § 656.26(a) ("If a labor certification is denied…a request for review of the denial *** may be made to [BALCA] by the employer or debarred person or entity by making a request for such an administrative review ***"). Plaintiffs interpret the discretionary language of § 656.26(a)—specifically, the use of the word "may"—to mean that exhaustion is not required. That interpretation is flawed. The use of a permissive "may" indicates only that a losing party can either appeal to BALCA or accept the agency's decision. See *Star Way Lines*, 2022 WL 971884, at *8. As Judge Seeger observed, the federal rule for notices of appeal uses the word "may" as well, see Fed. R. App. P. 3(a)(1), indicating the same type of choice for a litigant following the entry of a judicial ruling. In short, reading the language of Sections 656.24(e)(3) and 656.26(a) together, the regulations indicate that (1) a disappointed applicant can either accept the agency's ruling or seek further review with BALCA and (2) the failure to request review "as specified in § 656.26(a), constitutes a failure to exhaust administrative remedies."

Plaintiffs' last salvo invites the Court to excuse them from their exhaustion obligation because "the average BALCA appeal takes more than 4 years to process" and "neither [Plaintiff] can wait four years or more *** without suffering substantial prejudice." [24, at 3]. In support, Plaintiffs point to *Iddir v. INS*, in which the Seventh Circuit recognized four limited situations in which a court may excuse a party from fulfilling its exhaustion obligation. 301 F.3d 492, 498 (7th Cir. 2002) ("exhaustion may be excused if (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an 'indefinite time frame for administrative action';

10

(2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.) This case does not fall within any of those four narrow exceptions. Plaintiffs have not demonstrated that BALCA's review will likely take years to complete. Plaintiffs offer two examples of lengthy gaps between the filing of an appeal and the issuance of a decision, but no data that places those examples in context. For example, Plaintiffs cite no actual statistics in support of their assertion about the "average" time from appeal to disposition in proceedings before BALCA. Without such information, this Court lacks any basis for supposing that "unreasonable delay" is the rule, rather than the exception. See *Star Way Lines*, 2022 WL 971844, at *9-*10.

**IV.  Conclusion**

For the reasons stated above, the Court denies Plaintiffs' motion for summary judgment [19] and grants Defendants' motion for summary judgment [22] on the ground that Plaintiff failed to exhaust her available administrative remedies. A final judgment consistent with Federal Rule of Civil Procedure 58 will enter in favor of Defendants and against Plaintiff. Civil case terminated.

Dated:  May 4, 2022                                   _____
                                                                      Robert M. Dow, Jr.
                                                                      United States District Judge